**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. NORMAN GARAY-BOGUIN, a/k/a Norman Garay-Boquin, Defendant. | **No. 13-CR-4073-DEO** **ORDER ACCEPTING REPORT AND RECOMMENDATION CONCERNING GUILTY PLEA** |

## I. INTRODUCTION AND BACKGROUND

Before the Court is Magistrate Judge Leonard T. Strand's Report and Recommendation Concerning Guilty Plea (Docket No. 20, 11/21/2013).

On August 15, 2013, a one count Indictment (Docket No. 2) was returned in the above-referenced case. On November 21, 2013, Defendant Norman Garay-Boguin entered a guilty plea to Count 1 before United States Magistrate Judge Leonard T. Strand.

Count 1 of the Indictment charges that on or about June 16, 2013, in the Northern District of Iowa, defendant, Norman Garay-Boguin, an alien citizen of Honduras, was found knowingly and unlawfully in the United States after having been previously removed from the United States to Honduras on

or about June 17, 2011. Defendant did not obtain the express consent of the Attorney General of the United States or his successor, the Secretary for Homeland Security (Title 6, United States Code, Section 202(3) and (4) and Section 557), to reapply for admission into the United States prior to re-entering the United States after June 17, 2011, on an unknown date at an unknown location.

Defendant's removal was subsequent to a conviction for a felony offense, to wit:

> On or about January 15, 2010, Norman Garay-Boguin was convicted of illegal re-entry, in the United States District Court for the Southern District of Texas.

This was in violation of Title 8, United States Code, Section 1326(a) and (b)(1).

The Report and Recommendation (Docket No. 20), states that there is no plea agreement and recommends that defendant Norman Garay-Boguin's guilty plea be accepted. Waivers of objections to Judge Strand's Report and Recommendation were filed by each party (Docket Nos. 21 and 22). The Court, therefore, undertakes the necessary review to accept defendant Norman Garay-Boguin's plea in this case.

## II. ANALYSIS

### A. Standard of Review

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

As mentioned, waivers of objections to the Report and Recommendation have been filed, and it appears to the Court upon review of Magistrate Judge Strand's findings and conclusions that there are no grounds to reject or modify them.

**IT IS THEREFORE HEREBY ORDERED** that this Court accepts Magistrate Judge Strand's Report and Recommendation (Docket No. 20), and accepts defendant Norman Garay-Boguin's plea of guilty in this case to Count 1 Indictment (Docket No. 2).

**IT IS SO ORDERED** this 6th day of January, 2014.

*Donald E. O'Brien*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa